

FILED

JUL - 3 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

Tia Marie JARUS (2),

                    Defendant.

**Case No.:   18MJ9203**

**FINDINGS OF FACT OF ORDER OF DETENTION**

In accordance with 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on June 29, 2018, to determine whether defendant, Tia Marie Jarus, should be held in custody pending trial on the grounds that she is a flight risk. Special Assistant U.S. Attorney Kaitlin M. Tracey appeared on behalf of the United States. Court appointed counsel Martin G. Molina appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services report, and the criminal complaint issued against Defendant on June 25, 2018, by this Court, the Court concludes the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance.

United States citizen, was the driver. She was accompanied by a passenger, also a United States Citizen. The Defendant was directed to the secondary lot for further inspection.

At secondary inspection, the Defendant drove the Tahoe through the X-ray machine. The Customs and Border Protection Officer noticed anomalies within the vehicle's quarter panels and spare tire. The vehicle was then screened by a Human Narcotics Detector Dog (HNDD). The HNDD positively alerted to the rear cargo door and the driver side quarter panel.

Further inspection of the vehicle revealed 133 packages concealed within the spare tire, trunk door and quarter panels of the Tahoe. The packages contained a white crystalline substance that tested positive for methamphetamine. The total weight was approximately 62.82 kilograms (138.49 pounds).

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

    1. The Defendant is a United States citizen.

    2. The Defendant resides in Harbor City, California.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

    1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal convictions:

| | | |
|---|---|---|
| 1 | 03/22/15 | Felony 10851(A) VC Take vehicle without owner's consent/vehicle theft |
| | | 11/03/15      Condition of Probation – Firearm |
| 2 | | 06/27/16      Condition of prob-Firearm |
| 3 | | 06/27/16      Probation Violation/Revoke and/or Reinstate with sentence modified |
| | | 05/01/17      Condition of Probation-Firearm Restriction |
| 4 | |                 Probation Violation/Revoke and/or Reinstate w/sentence modified |
| 5 | | 09/01/17      Condition of Probation-Firearm Restriction |

3 years probation; 180 days jail; restn
... 

Felony 10851(A) VC Take vehicle without owner's consent/vehicle theft

11/03/15   Condition of Probation – Firearm
06/27/16   Condition of prob-Firearm
06/27/16   Probation Violation/Revoke and/or Reinstate with sentence modified
05/01/17   Condition of Probation-Firearm Restriction
           Probation Violation/Revoke and/or Reinstate w/sentence modified
09/01/17   Condition of Probation-Firearm Restriction
           Early Dismissal from Probation
           Probation Violation/Revoke and/or reinstate with sentence modified
           Cycle 001: 3 years probation; 180 days jail; restn
           Cycle 001: 3 years probation; 90 days jail; restn
           Cycle 001: 16 months jail; restn

05/03/15   CT 1:  Felony 10851(A) VC Take Vehicle without owner's consent/Vehicle Theft
           CT 2:  496D(A) PC Possess Stolen Vehicle/Vessel/e/tc
                  3 years probation; 24 days jail, imposed sentence suspended; restn; work program

06/06/15   CT 1:  Misd 11364(A) HS Possess Unlawful Paraphernalia
           CT 2:  Misd   11550(A) HS Use/Under Influence Controlled Substance
           CT 3:  Misd 11377(A) HS Possess Control Substance
                  Cycle 005:  90 days jail
                  Cycle 005:  90 days jail
                  Cycle 005:  90 days jail

02/09/16   Misd 11364 HS Possess Control Substance Paraphernalia
           90 days jail

06/25/16   CT 1:  Misd 11377(A) HS Possess Control Substance
           CT 2:  Misd 11364 HS Possess Control Substance Paraphalia
                  10 days jail

06/26/16   CT 1:  Misd 11377(A) HS Posses Control Substance
           CT 2:  Misd 11364(A) HS Possess Unlawful Paraphernalia
           CT 3:  Felony 10851(A) VC Take vehicle without owner's consent/vehicle theft

04/27/17   Felony 10851(A) VC Take vehicle without owner's consent/vehicle theft

08/30/17   1203.2 PC Probation Violation: Rearrest/Revoke

12/13/17   Misd 11364(A) HS Possess Unlawful Paraphernalia

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 18MJ9203 to wit: the importation of 62.82 kilograms (138.49 pounds) of Methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.); that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall

deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: _7-3-2018_ .


_____
HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

Prepared by:

ADAM L. BRAVERMAN
UNITED STATES ATTORNEY


_____
Kaitlin M. Tracey
Assistant U.S. Attorney

cc:     Martin G. Molina
         Counsel for Defendant